UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR REMAND (DKT. 11)**

**I.     Introduction**

On June 21, 2018, Adolfo Lipkus ("Plaintiff") brought this action in the Los Angeles Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"), Bank of America, N.A. ("Bank of America"),[1] NBS Default Services, LLC ("NBS"), Magnum Property Investments, LLC ("Magnum Property")[2] and Does 1-10. Dkt. 1-1 at 2-19. On September 6, 2018, Plaintiff filed a First Amended Complaint ("FAC"). *Id.* at 27-45. It advances 11 causes of action: (i) wrongful foreclosure in violation of Cal. Civ. Code § 2935.5; (ii) violation of Cal Civ. Code § 2923.7; (iii) violation of Cal. Civ. Code § 2924.11; (iv) violation of Cal. Civ. Code § 2924.12; (v) quiet title; (vi) negligent misrepresentation; (vii) fraudulent concealment; (viii) breach of contract; (ix) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.; (x) breach of the implied covenant of good faith and fair dealing; and (xi) breach of fiduciary duty. *Id.*

On October 25, 2018, Wells Fargo filed a demurrer and a motion to strike with respect to the FAC. Dkt. 1-2 at 92-124; Dkt. 1-3 at 1-3. On March 11, 2019, the demurrer was sustained with leave to amend in part and without leave to amend in part. Dkt. 1-5 at 3-16. It was sustained without leave to amend as to the causes of action for quiet title and breach of fiduciary duty, but with leave to amend as to all other claims. *Id.*

On March 14, 2019,[3] Wells Fargo removed the action on the basis of diversity jurisdiction. Notice of Removal, Dkt. 1. On May 6, 2019, Plaintiff filed a Motion for Remand ("Motion"). Dkt. 11. Several days later, he also filed a Second Amended Complaint ("SAC") as to the remaining defendants -- Wells Fargo and NBS. Dkt. 14. On May 13, 2019, Wells Fargo filed an opposition to the Motion. Dkt. 15.

A hearing was held on the Motion on June 10, 2019, and the matter was taken under submission. For the reasons stated in this Order, the Motion is **DENIED**.

---

[1] Bank of America was dismissed with prejudice in September 2018. Dkt. 1-2 at 88-89.
[2] Magnum Property was dismissed with prejudice on February 13, 2019. Dkt. 1-5 at 30-31.
[3] Wells Fargo removed the action 29 days after the dismissal of non-diverse defendant Magnum Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

## II. Factual Background

On May 12, 1989, Plaintiff and his wife purchased real property located at 3800 Walnut Street, Cudahy, California 90201 (the "Property"). FAC ¶¶ 1, 10. On September 28, 2006, through Wells Fargo, they refinanced an existing loan secured by the Property with a new one in the amount of $200,500 (the "Loan"). *Id.* ¶ 12. In February 2017, Plaintiff defaulted on the Loan. Dkt. 1-2 at 66-68. In December 2017, the Property was sold to Magnum Property at a non-judicial foreclosure sale. FAC ¶¶ 24-25; Dkt. 1-5 at 36.[4]

The FAC alleges various deficiencies in the foreclosure process, including that Wells Fargo failed to provide Plaintiff with adequate notice of the foreclosure and "led [him] to believe that he had sufficient time to pursue alternative means to avoid the ultimate loss of his home." FAC ¶¶ 20, 22-28. As a result of these deficiencies, Plaintiff contends that he "did not take precautionary measures to protect himself from default" or timely "pursue alternative means to avoid the loss of the Subject Property." *Id.* ¶ 28.

Plaintiff seeks "to have the trustee sale of the Subject Property set aside" as well as "other equitable relie[f] in the form of a temporary and permanent prohibitory injunction, preventing defendants from proceeding with further sales of the Subject Property." *Id.* ¶ 30. Plaintiff also requests compensatory, incidental and punitive damages, as well as an award of attorney's fees and interest. Dkt. 1-1 at 44. Each of these allegations and requests for relief is also presented in the SAC. *See* Dkt. 14.

## III. Analysis

### A. Legal Standards

#### 1. Removal and Remand

A motion to remand is the procedural means to oppose removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. 1441(a). Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party has the burden of establishing that removal is proper, including that there is federal jurisdiction over one or more of the claims. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

#### 2. Diversity Jurisdiction

Federal courts have diversity jurisdiction only when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. § 1332. Complete diversity of citizenship is required, i.e. "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter*

---

[4] The recorded Deed Upon Sale of the Subject Property, which is dated December 5, 2017 (the "Deed"), reflects an outstanding balance on the Loan of $187,421.12. Dkt. 1-2 at 76-77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

*v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

   **B.**   **Application**

It is undisputed that diversity jurisdiction is the only potential basis for federal jurisdiction over this action. Thus, remand is required if there is no such jurisdiction.

   1.   Whether There Is Complete Diversity of Citizenship

Plaintiff represents that he is a citizen of California. FAC ¶¶ 1, 10-11; Dkt. 11 at 7-9 (arguing diversity jurisdiction is improper because all parties are citizens of California); *see also* Dkt. 1-5 at 20-22. No party disputes that Plaintiff is a California citizen. *See* Dkt. 1 at 2-3.

Wells Fargo is a national banking association, with its main office in South Dakota. Dkt. 1 at 3; Dkt. 15 at 2. "[A] national banking association is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Therefore, Wells Fargo is a citizen only of South Dakota. *See also id.* (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located").

NBS is a limited liability corporation with only one member, NBSC Group Holdings, Inc. ("NBSC"). Dkt. 15 at 4-5; Dkt. 1 at 4; Declaration of Lawrence Buckley ("Buckley Decl."), Dkt. 1-5 at 24 ¶ 1; Declaration of James B. Cloud ("Cloud Decl."), Dkt. 1-5 at 25 ¶ 1; Declaration of Luke Madole ("Madole Decl."), Dkt. 1-5 at 26 ¶ 1. "Notwithstanding LLCs' corporate traits," they are "treat[ed] . . . like partnerships for the purposes of diversity jurisdiction." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, "an LLC is a citizen of every state of which its owners/members are citizens," and the "corporate citizenship rule" does not apply. *Id.* As noted, the sole member of NBS is NBSC, which is a corporation. A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). NBSC is incorporated in Delaware and maintains its principal place of business in Texas. Dkt. 15 at 4-5; Dkt. 1 at 4; Buckley Decl. ¶ 1; Cloud Decl. ¶ 1; Madole Decl. ¶ 1. Consequently, NBSC—and by extension NBS—is a citizen of Delaware and Texas.[5]

Because Plaintiff is a citizen of California, and neither defendant is a citizen of California, the diversity of citizenship requirement has been satisfied.

   2.   Whether the Amount in Controversy Requirement Is Satisfied

      a)   Legal Standards

"[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and

---

[5] Wells Fargo also argues, in the alternative, that NBS is a nominal party whose citizenship should be ignored for the purpose of evaluating diversity jurisdiction. Dkt. 1 at 4-6. However, because the citizenship of NBS does not destroy diversity, it is immaterial whether NBS is a nominal party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Where it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez*, 888 F.3d at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)).

b) Positions of the Parties

Plaintiff argues that Wells Fargo failed to meet its burden to show that the amount in controversy exceeds $75,000. Dkt. 11 at 9-10. Plaintiff contends that the FAC does not allege "a specific amount in controversy," and "[i]nstead, Plaintiff has made it clear that the amount of damages Plaintiff sought are to be determined at trial." *Id.* at 10. Plaintiff also argues that "neither the entire loan amount no[r] the value of the subject property [is] in controversy." *Id*. He asserts that "the amount in controversy can be less than $75,000," and remand is required. *Id.*

Wells Fargo responds that, although Plaintiff does not quantify the relief he seeks, he has placed more than $75,000 in controversy. Dkt. 1 at 7-8; Dkt. 15 at 5-8. Wells Fargo notes that Plaintiff seeks "to have the trustee sale of the Subject Property set aside and . . . other equitable relie[f] in the form of a temporary and permanent prohibitory injunction preventing defendants from proceeding with further sales of the Subject Property." Dkt. 15 at 7 (quoting SAC ¶ 30); *see also* FAC ¶ 30 (same); FAC ¶ 41 ("Plaintiff is entitled to have the trustee sale of the Property set aside"); SAC ¶ 41 (same). Based on these allegations, Wells Fargo argues that "Plaintiff has made i[t] very clear in his proposed SAC, that he seeks to set aside the completed trustee's sale of subject property." Dkt. 15 at 7. Wells Fargo next contends that "[a]ny claim for damages due to an alleged wrongful foreclosure claim will have to start with the value of the property lost," and that "any analysis of such a loss will by necessity involve the amount of debt owed on the subject loan." *Id.* Wells Fargo adds that it is immaterial that Plaintiff does not specify the monetary amount of his demand and "seeks damages to 'be determined at trial.'" *Id.*

Wells Fargo identifies three different figures that could be used to evaluate the amount in controversy: (i) $187,421.12, which is "the total debt owed by the plaintiff at the time of the trustee's sale"; (ii) $200,500, which is the original amount of the Loan; and (iii) $293,000, which is "the amount paid at the trustee's sale by the third party purchaser." Dkt. 1 at 7-8; Dkt. 15 at 6-7; Dkt. 1-2 at 63-64; Dkt. 1-2 at 76-77. Wells Fargo argues that the Property itself has been placed in controversy in this action, and that "the best, and only, indication of the value of [the] subject property is established by the $293,000 that was paid by a third party at the trustee's sale." Dkt. 15 at 7. Wells Fargo notes that "[t]his is [the] very transaction that Plaintiff seeks to unwind." *Id.* Wells Fargo concludes that, "[g]iven the amount paid for the property at the trustee's sale, and the size of the subject loan, it is clear that the amount in controversy clearly exceeds the $75,000 threshold." *Id.* at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

c)  Application

The position advanced by Wells Fargo is persuasive. Independent of whether the FAC or the SAC is construed as the operative complaint for the purposes of this analysis, Wells Fargo has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

As noted, Plaintiff seeks "to have the trustee sale of the Subject Property set aside," as well as "other equitable relie[f] in the form of a temporary and permanent prohibitory injunction preventing defendants from proceeding with further sales of the Subject Property." FAC ¶ 30; SAC ¶ 30; *see also* FAC ¶ 41; SAC ¶ 41. This relief is separate and apart from the prayer for compensatory, punitive and incidental damages, as well as an award of attorney's fees and interest.

Where a plaintiff seeks to set aside and/or permanently enjoin a foreclosure sale, courts in this Circuit have found that the amount in controversy includes "the fair market value of the property" or "the amount of indebtedness" of the plaintiff. *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1029 (N.D. Cal. 2010) (quoting *Reyes v. Wells Fargo Bank*, N.A., No. CV-10-01667JCS, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2010)); *see also, e.g.*, *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973); *Diamos v. Specialized Loan Servicing LLC*, No. 13-CV-04997 NC, 2014 WL 5810453, at *2 (N.D. Cal. Nov. 7, 2014); *Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *1-2 (S.D. Cal. Aug. 18, 2014); *Graham v. U.S. Bank, N.A.*, No. 13-CV-01613-NC, 2013 WL 2285184 at *3 (N.D. Cal. May 23, 2013). Because the outstanding debt of Plaintiff at the time of the foreclosure sale and the market value of the Property each exceeds $75,000, Dkt. 1-2 at 76-77, the amount in controversy requirement has been satisfied, irrespective of which metric is used. In the alternative, if the approximate $105,578.88 of Plaintiff's equity interest in the Property at the time of the foreclosure sale ($293,000 (sales price) - $187,421.12 (which is "the total debt owed by the [P]laintiff at the time of the trustee's sale") = $105,578.88) were used as the metric, it also exceeds $75,000 independent of a potential award of attorney's fees and interest. This metric is justified given that Plaintiff seeks to be restored to the position that he held prior to the foreclosure sale.[6] Finally, if the sale were set aside, it would require some form of reimbursement to the purchaser who paid $293,000, and a cancellation of the $187,421.12 credited to Wells Fargo from the proceeds of the foreclosure sale. The sum of these amounts well exceeds $75,000.

Accordingly, there is federal jurisdiction over this action, and the Motion is **DENIED**. Because the removal was proper, Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) also is **DENIED**.

---

[6] At the hearing on the Motion, Plaintiff's counsel represented that Plaintiff had a second loan, for an amount less than the Loan, which was also secured by the Property. Plaintiff's counsel argued that this would alter the equity calculation, although the sum at issue would remain close to $75,000. Plaintiff's new argument regarding a second loan lacks force for two reasons. *First*, neither the FAC nor the SAC presents any allegations as to a second loan, and this argument was not presented in connection with the briefing on the Motion. Moreover, no evidence has been presented as to the existence of this possible loan or its amount. Thus, it is not proper to consider it in connection with the Motion. *Second*, the equity in the Property is only part of the amount in controversy. This new argument by Plaintiff fails to account for the value of any of the other relief he seeks, including punitive damages, attorney's fees and interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01905 JAK (Ex) | Date | June 12, 2019 |
|---|---|---|---|
| Title | Adolfo Lipkus v. Wells Fargo Bank, N.A., et al. | | |

## IV. Conclusion

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                 :

Initials of Preparer    ak